# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DEWEY PAUL HICKSON,**

      **Plaintiff,**

**v.**                                   **No. CIV-14-1094 LAM**

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*** *(Doc. 30)*, filed May 8, 2016. The Commissioner filed a response in opposition to the motion on May 20, 2016 [*Doc. 31*], and Plaintiff filed a reply on June 3, 2016 [*Doc. 32*].   In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$5,462.50** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d).   [*Doc. 30*].   The Commissioner opposes the motion because she asserts that her position in this case was substantially justified.   [*Doc. 31*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

      EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust.   28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).   The Commissioner bears the burden of showing that her position was substantially justified.   *See Hackett*, 475 F.3d at 1172.   "The test for

substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).   However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

   In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 28*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for "proper consideration of: (1) the opinions of Drs. Seavers with respect to Plaintiff's limitations, in compliance with applicable legal requirements," and "(2) a function-by-function analysis of Plaintiff's work-related abilities and how they may be affected by his need to use a crutch."   [*Doc. 28* at 16].   The Commissioner contends that her position in this case was substantially justified with regard to the RFC's single-crutch limitation "because the Court did not substantively disagree with the ALJ's RFC assessment but rather found that the ALJ failed to explain his findings adequately."   [*Doc. 31* at 3].   The Commissioner further contends that her position was substantially justified with regard to Dr. Seavers' opinion because her reliance on the holding in *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) was reasonable, even if "reasonable minds could disagree," as was her contention that the new opinion evidence did not relate to the time-period under review by the ALJ, which position "had a reasonable basis in law

and fact."  *Id.* at 4.   In Plaintiff's reply, Plaintiff asks the Court to award a modified amount of fees in the amount of $6,222.50, to include $760.00 for time spent in preparing the reply to the motion for attorney fees.   [*Doc. 32* at 4].

In the Memorandum Opinion and Order, the Court explained that the ALJ erred by failing to discuss the implications of the limitation that Plaintiff needed a crutch to walk, which was in violation of Soc. Sec. Rep. 96-8p, 1997 WL 374184, at *1 (July 2, 1996).   [*Doc. 28* at 11-12]. The Court finds that the Commissioner's contention that her position was substantially justified "because the Court did not substantively disagree with the ALJ's RFC assessment but rather found that the ALJ failed to explain [her] findings adequately" (*Doc. 31* at 3) is without merit.   The ALJ's legal error in failing to identify and assess Plaintiff's use of a crutch on Plaintiff's ability to fulfill work-related requirements renders the Commissioner's decision to deny benefits unreasonable.  *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (explaining that the standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence *and whether the correct legal standards were applied*). Therefore, the Commissioner's position with regard to the ALJ's RFC assessment was not substantially justified.

In addition, in the Memorandum Opinion and Order the Court rejected the Commissioner's contention that the Court does not have jurisdiction to review the Appeals Council's decision to deny review of additional evidence, and explained that the *Sims'* decision "does not . . . hold that federal courts lack jurisdiction to review an Appeals Council's decision, on behalf of the Commissioner, that additional evidence submitted by a claimant is insufficient to grant review of an ALJ's decision."   [*Doc. 28* at 13].   The Court further explained that *Sims* "does not sanction the avoidance of a full judicial review of the administrative proceedings on the basis of finality of

3

the ALJ's decision," and that "[a]t the very least, federal courts have the ability to decide whether or not subsequent evidence undermines the ALJ's decision, regardless of whether the Appeals Council issues a 'decision' that it does not, or simply refuses a claimant's request for review." *Id.* The Court, therefore, finds that the Commissioner's reliance on *Sims* was not substantially justified. Similarly, the Court finds that the Commissioner's position with regard to the Appeals Council's failure to consider Dr. Seavers' medical records was not substantially justified. As explained in the Court's Memorandum Opinion and Order, Dr. Seavers' medical records and function reports that post-date the ALJ's decision relate to the time period under consideration by the ALJ because they detail Dr. Seavers' continuing efforts to treat Plaintiff's tinnitus, dizziness, and vertigo. [*Doc. 28* at 14]. Therefore, the Commissioner was not substantially justified by failing to consider these records. *See id.* at 14-15 (citing Soc. Sec. Rep. 96-8p at *5-7 which explains that an RFC assessment must be based on all of the relevant evidence in the record, and must include a narrative discussion describing how the evidence supports each conclusion).

Finally, the Court considers Plaintiff's request in her reply brief for compensation for an additional hour spent preparing the reply to the motion for attorney fees. [*Doc. 32* at 4. The Court finds that this request should be denied because it is improperly raised in a reply brief so the Commissioner did not have an opportunity to respond. Moreover, the Court finds that the amount of attorney fees Plaintiff initially requested in the motion is sufficient compensation.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 30)*** is **GRANTED**, and that Plaintiff is authorized to receive **$5,462.450** in attorney's fees for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access

to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**